IN THE SEVENTH CIRCUIT U.S. COURT OF APPEALS

Cause No. 23-2120

KENNETH ALLEN, IDOC #173335,
Plaintiff-Appellant

V.

CHRISTINA REAGLE (IDOC Comm'r), et. al.,
Defendant(s) - Appellee(s)

U.S.C.A. — 7th Circuit
RECEIVED
MAY 10 2024

ALLEN'S VERIFIED MOTION FOR 14 DAY EXTENSION OF TIME TO FILE PRINCIPAL BRIEF

[1.] Comes now Kenneth Allen (here-in-after "Allen"), the Appellant, pro se, and moves the Court pursuant to Fed. R. App. P. 2(a), 26(b), 7th cir. Rule 2 and 26, for a 14 day extension of the May 13, 2024 deadline to file his principal brief as established by Court order dated 4/5/2024.

[2.] In support Allen states the following.

I. Cases granting multiple Extensions of Time

[3.] In re Lisse, 921 F.3d 629, 637 (7th cir. 2019), the Court states that it granted a 45 day extension of time to file her opening brief and a 2nd extension of 5 days to do the same.

[4.] In B.G. v. Bd. of Educ., 906 F.3d 632, 633 (7th cir. 2018), the appellees response brief filing deadline was extended 5 times.

[5.] In Stannard v. Nygren, 658 F.3d 792, 796 and n.6 (7th Cir. 2011) (stating that the appellant "sought and received no fewer than three extensions of time to file his opening brief on appeal")

[6.] In Saniya Ayinia Jaiyeola v. Brundage, No. 22-1083, 2022 U.S. App. Lexis 25460 at 1-2 (6th Cir. 2022) (Granting 2 extensions of time to file appellee's response brief).

II. Fed. R. App. P. 2(a)

[7.] "On... a party's motion, a court of appeals may... for... good cause suspend any provision of these rules in a particular case and order proceedings as it directs..." Fed. R. App. P. 2 (a)

III. 7th Cir. Rule 2

[8.] "...[F]or... good cause, the Court may suspend the requirements of these Circuit Rules." 7th Cir. Rule 2

IV. Fed. R. App. P. 26(b)

[9.] "For good cause, the Court may extend the time prescribed by these rules or by its order to perform any act, or may permit an act to be done after that time expires." Fed. R. App. P. 26 (b).

V. "Good Cause" For Granting Allen 30 Additional Days To File His Principal Brief

[10.] Allen claims that the following stated matters support and demonstrate "good cause" to extend the May 13, 2024 deadline to file his principal brief as requested above pursuant to the authorities cited above and below.

[11.] Despite Allen's diligence in the research and preparation of his principal brief, the time that was allowed for Allen to file his principal brief is inadequate to allow Allen to competently, effectively and adequately finish researching, drafting and typing said brief for the below stated reasons, with most of them being beyond Allen's control. 7th Cir. Rule 26

(A.) Allen's Engagement In other Litigation (7th Cir. Rule 26)

[12.] On 11/27/2023, Allen filed a civil rights action in the S.D. Ind., cause No. 1:23-cv-02123-MPB-CSW, of which, he is proceeding pro se, is a ground that merits consideration for said requested relief, as, Allen is forced to balance his time, law library time and efforts between those proceedings and the instant appellate proceedings.

(B.) Complexity of the Appeal (7th Cir. Rule 26)

[13.] Another ground that merits consideration for granting Allen's requested extension of time is the fact that the appeal issues to be raised are so complex that an adequate brief could not reasonably have been prepared and finished by May 13th, 2024.

[14.] The main chief issue will be whether the District Court abused its discretion in finding no good cause to grant Allen an extension of time pursuant to Fed. R. Civ. P. 6(b)(1)(A) to file an objection to the Magistrate's denial of a timely filed motion for an extension of time to file a Second Amended Complaint.

shown and demonstrated in the above and below stated matters.

[20.] 7th Cir. Rule 26 seems to have been written on the presumption that requests for extensions of time to file briefs would primarily be filed by lawyers. Allen incorporates the following paragraphs that discuss the relevance of Allen proceeding pro se while incarcerated.

(D.) Allen Proceeding Pro Se While Incarcerated

[21.] Allen is proceeding pro se while incarcerated, of which, is a unique circumstance supporting "good cause".

[22.] "Our rules of procedure are based on the assumption that litigation is normally conducted by lawyers... [And we] have held that some procedural rules must give way because of the unique circumstances of incarceration." McNeil v. U.S., 508 U.S. 106, 113 (1993)(citing Houston v. Lack, 487 U.S. 266 (1988)(pro se prisoner's notice of appeal deemed filed at the time of delivery to prison staff in spite the rule that they are deemed filed when received by the clerk of the Court)) followed by, In re Maxy, 674 F.3d 658, 661-663 (7th Cir. 2012)(Inmate was excused from complying with providing the Court with a copy of the relevant court records in a § 2244(b) application pursuant to 7th Cir. R. 22.2 (a)(4), (5) and Fed. R. App. P. 21(d) requirement of providing "an original and three copies of their pleadings."); Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244-45

(3rd Cir. 2013)("We are especially likely to be flexible when dealing with imprisoned pro se litigants. Such litigants often lack the resources and freedom necessary to comply with the technical rules of modern litigation. See, Moore v. Florida, 703 F.2d 516, 520 (11th Cir. 1983) ('Pro se inmates, with limited access to legal materials, occupy a position significantly different from that occupied by litigants represented by counsel.')").

(E.) Allen's Limited Law Library Access And Diligence

[23.] Allen claims that his limited access to the prison law library and the computer systems contained there in, of which, is beyond his control, supports good cause as follows.

[24.] Allen claims that due to his incarceration, his normally scheduled direct access to the prison law library is limited to no more than three (3) (mon-wed-fri) law library 1hr. 45 min- sessions per week, of which, Allen's attendance record is regular and a demonstration of his diligence.

[25.] Allen claims that said direct access to the prison law library is the only time that Allen has access to his legal work in electronic form on the law library computer systems. Allen has no authorized access to any other computers to draft his legal work in electronic form and print.

[26.] Allen was denied direct access to prison law library when scheduled for access on: 4/8/2024 and expected to be denied

access on 4/10/2024 and 4/8/2024.
For various administrative reasons that was beyond Allen's control.

[27.] Allen drafted this motion by hand in order to focus his limited law library computer time to work on said brief.

[28.] Allen anticipates facing further additional time limitations upon his limited law library computer time due to being denied direct access for various administrative reasons that are beyond Allen's control, such as lockdowns, shakedowns, staff shortages, state and federal holidays, ect.

(F.) Allen's Health Issues Hindering Ability To Litigate

[29.] Allen is a 48 year old male who suffers from medical conditions of high blood pressure and high cholesterol, of which causes his chronic TIA (often called a mini or pre stroke) that temporarily incapacitates him from time to time in relation to his ability to litigate. Allen is currently receiving medical treatment for these conditions through medications that he has been proscribed.

[30.] Allen continues to suffer "TIA" mini-strokes that vary in severity and frequency.

(G.) Conduct of the Defendant-Appellee(s) Invited Allen's for the Requested Extension of Time

[31.] Allen claims that one or more of the Defendants have caused the need for the requested extension of time as stated above

and below, as, they are the decision-makers who have created the circumstances that limit Allen's direct access to the prison law library, thereby, inviting Allen's need for said extension of time thereby making such an allowance by the Court the fair, equitable and just response and remedy to Allen's circumstances stated above and below.

(H.) Request Brought In Good Faith

[32.] Allen brings this request in good faith and not for the purpose of unnecessary delay or other dilitory reason.

[33.] Allen claims that the very fact that he has made said request in a timely manner shows that he is acting in good faith in his attempts to comply with the rules and Court order. See, Marine Travelift Inc. V. Cimolai Technology Spa., ect., Cause No. 16-C-338, 2016 U.S. Dist. Lexis 73959 at 4 (E.D. Wisc. 2016) (In relation to a Fed. R. Civ. P. 6(b)(1)(A) motion for extension of time).

(I.) Lack of Prejudice to Defendant-Appellee(s)

[34.] Allen claims that the Defendant-Appellee(s) will not be prejudiced nor harmed should the Court grant said requested extension of time.

[35.] Allen claims that the granting of said requested extension of time will not affect the Defendant-Appellee(s) ability to prepare and file a response brief, or, their claims and defenses in the District Court.

(J.) Defendant-Appellee(s) Put On Notice By The Court

[36.] "The Office of the IN Attorney General has been notified of

the filing of the appeal." App. DKt. 3 (Dated: 6/05/2023).

(2.) Defendant-Appellee(s) Put On Notice Through Allen's Exhaustion of Administrative Remedies

[37.] Allen has exhausted his relevant administrative remedies in relation to the claims that was contained in his Complaint, of which, this appeal is derived from, thereby, adequately putting the Defendant-Appellee(s) on notice of the factual allegations that support the claims contained in his Complaint and cause to follow the progress of the proceedings in the District Court and on Appeal in these proceedings. See, Battle v. Ledford, 912 F.3d 708, 716 (4th Cir. 2019) ("Administrative exhaustion... notifies defendants of a potential claim and allows both parties to develop a record before coming to Court.").

(3.) Defendant-Appellee(s) Not Served Notice of Appeal or Entered An Appearance Pro Se or By Counsel

[38.] Allen also points out that the Defendant-appellee(s) have not been served the notice of appeal, nor entered their appearance, and therefore, have not invested any time, effort or taken any affirmative action regarding litigation in these proceedings or in the District Court. See, Thomas v. Wardell, 951 F.3d 854, 863 (7th Cir. 2020) ("Thomas's case was dismissed before any defendants were served, so they could have not suffered any prejudice") (citing Sroga v. Huberman, 722 F.3d 980, 983 (7th Cir. 2013) ("[T]he defendants had not been served before the case was dismissed, so they suffered no apparent

prejudice from the delay.").

VI. Conclusion of Allen's Request For Extension of Time To File His Principal Brief

[39.] Allen claims that he has demonstrated sufficient "good cause" pursuant to Fed. R. App. P. 2(a) and 26(b), and 7th Cir. Rule 2 and 26 for the Court to grant him a 14 day extension of time to file his principal brief as shown above and below, individually and collectively, as follows.

[40.] Allen has shown the existance of the burdens of litigation in an unrelated proceeding. See par. 12.

[41.] Allen has shown the complexity of the appeal in par. 13-18.

[42.] Allen has shown that extreme hardship will result as Allen simply needs 14 more days to ensure that he has sufficient computer time to finish drafting his brief in electronic form and to then print it as shown by the above and below circumstances and matters. See par. 19-20.

[43.] Allen proceeding as a pro se incarcerated appellant is a circumstance that supports a finding of good cause. See, par. 21-22, and par. 23-28 (regarding Allen's limited access to the prison law library computer to draft and print his brief) par. 16 (regardin Allen's inexperience in the Federal Court of Appeals).

[44] Allen has shown his diligence in par. 11, 24, and 27, and in the filing of this motion in a timely manner.

[45.] Allen has shown the relevance of his health that hinders his

ability to litigate from time to time. See, par. 29-30.

[46.] Allen has also pointed out that some of the above and below stated circumstances and matters are of the creation of the Defendant-Appellee(s). See, par. 31.

[47.] Allen brings this motion in good faith. See, par. 32-33.

[48.] Allen has shown that the Defendant-Appellees will not suffer any harm or prejudice by said 14 day extension of time. See, par. 34-38.

## VII. Declaration of Inmate Filing

[49.] The undersigned certifies that on 5/6/2024, an envelope addressed to this Court containing the above captioned motion was submitted by Allen to prison staff, along with a properly completed remittance form requesting first-class postage to be applied to said envelope, for prompt processing and mailing by prison staff to this Court. Said motion is deemed filed as of the above date per the prison mailbox rule. See, Houston v. Lack, 487 U.S. 266 (1988); Fed. R. App. P. 25(a)(2)(A)(iii).

## VIII. Verification

[50.] Pursuant to 28 U.S.C. §1746, I the undersigned declare and verify under penalty of perjury that the above stated matters alleged therein are true and correct to the best of my memory, Knowledge, and belief. Executed in Pendleton, Indiana on 5/6/2024

## IX. Requested Relief

[51.] WHEREFORE, Allen respectfully requests that the Court GRANT him the following relief: (1.) To grant Allen a 14 day extension of time to file his principal brief with a new deadline of May 28th 2024 or later; and (2.) to provide Allen a full copy of the docket notating the Court's ruling; and (3.) For the Court to order all other appropriate relief that the Court determines to be fair and just.

Respectfully Submitted,

Kenneth Allen

Plaintiff-Appellant Pro se
Kenneth Allen, IDOC# 173335
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, Indiana 46064-9001