No. 23-2120

**UNITED STATES SEVENTH CIRCUIT COURT OF APPEALS**

KENNETH ALLEN, IDOC#173335,
Plaintiff-Appellant,
v.
CHRISTINA REAGLE (IDOC Commissioner), et al.,
Defendant(s)-Appellee(s).

U.S.C.A. – 7th Circuit
RECEIVED
JUN 20 2024 4

On Appeal from the United States District Court for the Southern District of Indiana
Civil Action Cause No. 1:21-cv-02157- JPH –TAB, Hon. James Patrick Hanlon
42 U.S.C. § 1983 Prisoner Civil Rights Cause of Auction

**ALLEN'S VERIFIED RESPONSE TO RULE TO SHOW CAUSE AND FINAL REQUEST FOR EXTENSION OF TIME TO FILE PRINCIPLE BRIEF**

**[1.]** On May 13th, 2024 the Court Ordered Allen's deadline to file his principal brief to be extended to May 28, 2024. [1]

**[2.]** Comes now Kenneth Allen (here-in-after- "Allen"), the Appellant, ***pro se*** [2], and respectfully requests a 45 day extension of said May 28, 2024 to July 12, 2024 to file said principal brief. Allen makes this request pursuant to Fed. R. App. P. 2 (a) [3], 26 (b) [4], 7th Cir. Rule 2 [5] and

---

1 7th Cir. R. 26 ("**Extensions of Time to File Briefs**… The date the brief is due shall be stated in the motion…")

2 "[***P***]***ro se* pleadings are held to less exacting standards than those prepared by counsel** and **are to be liberally construed**" Anderson v. Hardman, 241 F.3d 544, 545 (7th Cir. 2001) (citing Haines v. Kerner, 404 U.S. 519 (1972) (per curiam); McCormick v. City of Chicago, 230 F.3d 319, 325 (7th Cir. 2000)). "A document filed ***pro se*** is 'to be liberally construed,'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*quoting* Estelle v Gamble, 429 U.S. 97, 106 (1976)) *followed by*, Otis v. Bulon, No. 22-1851, 2023 U.S. App. LEXIS 1669 at 1 (7th Cir. January 23, 2023) ("We construe **pro se [appellate] filings** liberally"); Anderson v. Hardman, 241 F.3d 544, 545 (7th Cir. 2001)("We …construe ***pro se*** **[appellate] filings** liberally") (citing Whitford v. Boglino, 63 F.3d 527, 535 n.10 (7th Cir. 1995) (per curiam)).

3 Fed. R. App. P. 2 (a) ("**In a Particular Case**. On its own or a party's motion, a court of appeals may…for …good cause—suspend any provision of these rules in a particular case and order proceedings as it directs…")

4 Fed. R. App. P. 26 (b) ("**Computing and Extending Time**…(b) **Extending Time**. For **good cause**, the court may extend the time prescribed by these rules or by its order to perform any act, or **may permit an act to be done after that time expires.**").

5 7th Cir. Rule 2 ("**Suspension of Circuit Rules**…[F]or…good cause, the court may suspend the requirements of these Circuit Rules.").

26, and shows "**good cause**" in support as follows. Absent a large interruption in Allen's direct access to the prison law library, this will be Allen's final request for an extension of time.

## I. "Good Cause" for granting Allen 45 day extension of time to file his principal Brief

**[3.]** Allen claims that the following stated matters support and demonstrate "good cause" to extend the May 28, 2024 deadline to July 12, 2024 to file his principal brief as requested above pursuant to the authorities cited above and below.

### (A.) Allen's lack of legal training, experience or sophistication

**[4.]** Allen is 48 year old male who is a high school graduate with **no formal legal training** or **college education**. This is **Allen's first appeal** in any Court **as a pro se litigant**, is a circumstance that supports good cause.

### (B.) Allen's diligence and inability to meet the expired deadline

**[5.]** In spite of Allen's **diligence** [6] in the **research and preparation of his principal brief**, the time the was allowed for Allen to file his principal brief was inadequate to allow Allen to completely, effectively and adequately finish researching, drafting and typing a sufficient and meaningfully persuasive advocative brief for the **below stated reasons**, with most of them being **beyond Allen's control**.

---

[6] 7th Cir. R. 26 ("**Extensions of Time to File Briefs**...The affidavit must disclose facts which establish to the satisfaction of the court that with **due diligence**, and giving priority to the preparation of the brief, it will not be possible to file the brief on time."); **Due diligence,** Ballentine's Law Dictionary (3rd ed. 2024 Lexis-Nexis) ("Constancy or steadiness of purpose or labor by men who desire a speedy accomplishment of their purposes and such assiduity in the prosecution of the enterprize as manifest to the world a bona fide intention to complete the task within a reasonable time. Ophir Silver Mining Co. v Carpenter, 4 Nev 534. In reference to conduct negativing negligence or contributory negligence, that amount of diligence which a reasonable and prudent man would exercise under the circumstances. Perry v Cedar Falls, 87 Iowa 315, 316...AUTHORITY: Fritsch v J. M. English Truck Line, Inc. 151 Tex 168, 246 SW2d 856."); Edwards v. Hyundai Motor Mfg. Alabama, 701 F. Supp. 2d 1226, 1234 (M.D. Ala. 2010) ("Black's Law Dictionary (8th ed. 2004) defines '**due diligence**' as '[t]he diligence reasonably expected from, and ordinarily exercised by, a person who seeks to satisfy a legal requirement or to discharge an obligation.' It lists synonyms as 'reasonable diligence' or 'common diligence.'")

[6.] Allen has **worked on this motion** on Wed. 6/5/2024 and completed 5 pages of rough draft. Allen then edited said rough draft on Fri. 6/7/2024 and enlarged it to 7 pages, and further edited said rough draft on Mon. 6/10/2024 and further enlarged it to 10 pages. Allen then further edited said rough draft on Wed. 6/12/2024 and further enlarged it to 13 pages. Allen then made his final edits on Fri. 6/14/2024, printed and submitted it to prison staff as stated in § III, ¶49, supra.

**(1.) <u>Discussion of Appellate related procedural history</u>** [7]

[7.] Allen filed his notice of appeal [Dist. Ct. Dkt.58] on or before 6/3/2023. App. Dkt.1 (6/5/2023) thru App. Dkt.9 (8/25/2023) involved pre-brief matters such as Allen's "Docketing Statement" [App. Dkt.4 and 6], "Seventh Circuit Transcript Information Sheet" [App. Dkt.5], and *in forma pauperis* related matters [App. Dkt.7-9]. Therefore, it was not until Court Order [App. Dkt.10 (9/7/2023)] where the Court set **Allen's 1st deadline to file his principal brief** on or before 10/10/2023. It was not until this point in time that Allen was able to focus his effort and attention from said "pre-brief" matters to researching, drafting and typing his principal brief. The Court **1st extended** said **principal brief filing deadline** to 11/27/2023 [App. Dkt.13 (10/27/2023)], a **2nd time** to 2/12/2024 [App. Dkt.17 (12/14/2023)], a **3rd time** to 3/13/2024 [App. Dkt.19 (1/25/2024)], a **4th time** to 4/12/2024 [App. Dkt.21 (2/29/2024)], a **5th time** to 5/13/2024 [App. Dkt.23 (4/5/2024)], a **6th time** to 5/28/2024 [App. Dkt.25 (5/13/2024)]. In hind sight, Allen realizes that he should have asked for 30 days instead of 14 days in [App. Dkt.24] for the reasons explained below, of which, would have negated the need for this motion and the law library computer time that he has spent on it, instead of, his principal brief. This also has greatly contributed to the late filing of this motion. [8]

---

[7] <u>7th Cir. R. 26</u> (**"Extensions of Time to File Briefs**...the time for filing the brief has been previously extended, the affidavit shall set forth the filing date of any prior motions and the court's ruling thereon.")

[8] Allen claims that he was unable to comply with <u>7th Cir. Rule 26</u>'s 7 day filing requirement for the reasons stated in this motion. Also see ¶23-27 and n.4 above.

**[8.]** Allen initially points out that the Court has granted multiple extensions of time for Appellate filings in other cases, [9] and the 6th Cir. has done the same. [10] Each extension was granted for the reasons stated in the motions that prompted them.

### (2.) <u>Allen's progress made on the drafting of his principal brief</u>

**[9.]** Allen's 1st issue is "What does the Fed. R. Civ. P. 6 (b)(1) 'good cause' phrase mean?" Allen is 80% done with the argument section for this issue. Allen's 2nd issue is "Whether the District Court abused its discretion in Dist. Ct. Dkt.51 when it denied Dist. Ct. Dkt.50?" Allen is 50% done with the argument section for this issue. .Allen's 3rd issue is "In furtherance of said issues is whether the District Court abused its discretion when it sua sponte ordered the dismissal of the entire case with the functional equivalence of being with prejudice?" Allen is 809% done with the argument section for this issue. Once the argument sections are finished, then Allen can finish all other sections that relate to them.

### (C.) <u>Allen's engagement in other litigation</u> [11]

**[10.]** On 11/27/2023, Allen filed a civil rights action in the S.D. Ind., Cause No. 1:23-cv-02123-MPB-CSW, of which, he is also proceeding pro se. Allen argues that this circumstance merits consideration for said requested relief, as, Allen is forced to balance his time, law library time and efforts between those proceedings and the instant appellate proceedings. On 6/7/2024 Allen

---

9 <u>In re Lisse</u>, 921 F.3d 629, 637 (7th Cir. 2019) (Noting that it granted Appellant a 45 day "extension of time" (EOT) to file her opening brief followed by a 2nd EOT of 5 days to the same."); <u>B.G. v. Chicago Board of Education</u>, 906 F.3d 632, 633 (7th Cir. 2018) (Noting that the Court extended the Appellees response brief filing deadline **5 times**."); <u>Stanard v. Nygren</u>, 658 F.3d 792, 794 and n.6 (7th Cir. 2011) (Noting that Appellant received no fewer than **3** EOT to file his opening brief on appeal."); <u>Gross v. Cicero</u>, 528 F.3d 498 (7th Cir. 2008) (Noting that Appellant's counsel was granted **17 months** of EOT's to file an opening brief pursuant to <u>Fed. R. App. P. 26 (b)</u>")

10 <u>Jaiyeola v. Brundage</u>, No. 22-1083, 2022 U.S. App. LEXIS 25460 (6th Cir. 2022) (Granting 2 EOT to file appellee's response brief.)

11 <u>7th Cir. R. 26</u> ("**Extensions of Time to File Briefs**... Grounds that may merit consideration are:
(1) **Engagement in other litigation**, provided such litigation is identified by caption, number, and court...")

received a screening order [Dkt.19] dismissing his complaint in said case and issued Allen a **deadline of 7/1/2024 to file an amended complaint**. Allen now **carries the burden of researching, drafting and filing a Fed. R. Civ. P. 6 (b)(1)(A) motion for a 30 day extension of said deadline** in light of these appellate proceedings and the same circumstances that he states in this motion. Allen also has until **7/22/2024 to file an amended complaint changing the name of one defendant from "John Doe" to his actual name in light of the statute of limitations along with any other amendments that he needs to include in said amended complaint.**

**(D.)** <u>**Complexity of the Appeal**</u> [12]

**[11.]** Allen argues that another circumstance that merits consideration for said requested relief is the fact that the appeal issues to be raised are so complex that an adequate advocative brief could not reasonably have been completely finished and mailed by May 28th, 2024.

**[12.]** The chief issue that Allen will be raising is whether the District Court abused its discretion in **finding no good cause** to grant [Dist. Ct. Dkt. 50], being Allen's <u>Fed. R. Civ. P. 6 (b)(1)(A)</u> motion for an **extension of time to file an objection** to the Magistrate's denial of a <u>Fed. R. Civ. P. 6 (b)(1)(A)</u> extension of time to file a Second Amended Complaint in [Dist. Ct. Dkt. 37]. [Dist. Ct. Dkt. 51]

**[13.]** Initially, Allen will be arguing what **the meaning** of the <u>Fed. R. Civ. P. 6 (b)(1)</u> "good cause" is and **why the Court should address it** in its legal analysis of whether the District Court abused its discretion in [Dist. Ct. Dkt. 51] when it denied [Dist. Ct. Dkt. 50]. This is a **matter of 1st impression in this Circuit.**

---

12 <u>7th Cir. R. 26</u> ("**Extensions of Time to File Briefs**... Grounds that may merit consideration are: (2) The matter under appeal is **so complex** that an adequate brief cannot reasonably be prepared by the date the brief is due, provided that the complexity is factually demonstrated in the affidavit.")

**[14.]** Furthermore, Allen is a **pro se incarcerated plaintiff** in said District Court proceedings, of which, makes said issue of whether the District Court abused its discretion in [Dist. Ct. Dkt. 51] when it denied [Dist. Ct. Dkt. 50] is also a **case of first impression** in the 7th Circuit due to said circumstances of Allen being a **pro se incarcerated plaintiff** in said District Court proceedings as no 7th Circuit Appellate decision has addressed whether a District Court abused its discretion in denying a Fed. R. Civ. P. 6 (b)(1)(A) motion for an extension of time in said circumstances.

**[15.]** Due to Allen **arguing multiple issues that are of 1st impression** in the 7th Circuit, Allen simply needs more time to finish researching, drafting and typing a sufficient and meaningful persuasive advocative brief.

**[16.]** This is **Allen's first appeal** in any Court **as a pro se litigant** ,of which, provides further justification and support for said request.

**[17.]** Allen claims that said issues are so critical to his litigation and appeal due to the fact that the District Court used said denial of extension of time in [Dist. Ct. Dkt. 51] to further find that Allen had waived his right to object to [Dist. Ct. Dkt. 37], and, that with no operative complaint to proceed with, the District Court then *sua sponte* decided to dismiss Allen's case with the functional equivalence of "with prejudice".

**[18.]** Allen therefore claims that in **successfully challenging** the District Court's findings and decision to deny [Dist. Ct. Dkt. 50] in [Dist. Ct. Dkt. 51] **will result in a domino effect** that will support Allen's remaining issues that he intends to raise regarding said dismissal.

## (E.) Denial will result in extreme hardship to Allen [13]

**[19.]** Another ground that merits further consideration is the fact that Allen will suffer an extreme hardship unless the Court grants Allen said requested extension of time as shown and demonstrated in the above and below stated matters.

**[20.]** 7th Cir. R. 26 seems to have been **written on the presumption** that requests for extensions of time to file briefs would primarily be filed by lawyers. Allen incorporates the above and following paragraphs in relation to Allen proceeding pro se while incarcerated.

## (F.) Allen Proceeding Pro Se While Incarcerated

**[21.]** Allen is **proceeding pro se while incarcerated** [14], of which, is a unique circumstance supporting "good cause".

**[22.]** "Our rules of procedure are based on **the assumption that litigation is normally conducted by lawyers**. While we have **insisted that the pleadings prepared by prisoners** who do not have access to counsel **be liberally construed**, see Haines v Kerner, 404 US 519 (1972); Estelle v Gamble, 429 US 97, 106 (1976), and have held that **some procedural rules must give way because of the unique circumstance of incarceration**, see Houston v Lack, 487 US 266 (1988) (pro se prisoner's notice of appeal deemed filed at time of delivery to prison authorities), ..." McNeil v. United States, 508 U.S. 106, 113 (1993). [15]

---

13 7th Cir. R. 26 ("**Extensions of Time to File Briefs**... Grounds that may merit consideration are: (3) **Extreme hardship** to counsel will result unless an extension is granted, in which event the nature of the hardship must be set forth in detail.")

14 7th Cir. Rule 26 ("**Extensions of Time to File Briefs**...in...cases in which a party may be in custody... a statement must be set forth in the affidavit as to the **custodial status** of the party...")

15 *followed by*, In re Maxy, 674 F.3d 658, 661-63 (7th Cir. 2012) (**Inmate** was excused from complying with providing the Court with a copy of the relevant court records in a § 2244 (b) application pursuant to 7th Cir. R. 22.2 (a) (4) and (5), and Fed. R. App. P. 21 (d) requirement of providing "an original and three copies of their pleadings."; Mala V. Crown Bay Marina, Inc., 704 F.3d 239, 244-45 (3d Cir. 2013) ("We are **especially likely to be flexible** when dealing with **imprisoned pro se litigants**. Such litigants often **lack the resources and freedom** necessary to comply with the technical rules of modern litigation. See Moore v. Florida, 703 F.2d 516, 520 (11th Cir. 1983) ('**Pro se prison inmates**, with **limited access** to

### (G.) <u>Allen's Limited Law Library Access and Diligence</u>

[23.] Allen argues that his limited access to the prison law library and the computer systems contained therein, of which, is **beyond Allen's control, supports good cause** as follows.

[24.] Allen claims that due to his incarceration, his normally scheduled direct access to the prison law library is limited to no more than three (3) (Mon.-Wed.-Fri) law library one (1) hour and forty-five (45) minute sessions per week, of which is **beyond his control, supports good cause.**

[25.] Allen has maintained a **regular attendance record** when allowed to access said prison law library as scheduled **demonstrates his due diligence and supports good cause.**

[26.] Allen claims that **said direct access to the prison library is the only time that Allen has access to his Appellate related documents in electronic form on the law library computer systems** in his continuous efforts to draft them, of which, is **beyond his control**, and **supports good cause.**

[27.] Allen was denied direct access to the prison law library on **Wed**. 5/8/2024, **Fri**. 5/10/2024, **Wed.** 5/15/2024, **Fri**. 5/17/2024, **Mon**. 5/20/2024, **Mon**. 5/27/2024, **Mon**. 6/3/2024, for various administrative reasons that was **beyond the Allen's control supports good cause.**

[28.] Allen **anticipates facing further additional time limitations** upon his **direct access** to the prison law library due to **being denied direct access** for various administrative reasons that are **beyond the Plaintiff's control**, such as **lockdowns, shakedowns, staff shortages**, and state

---

legal materials, **occupy a position significantly different from that occupied by litigants represented by counsel**").

"**[P]ro se** litigants...**can be excused from full compliance with technical procedural rules** provided there is **substantial compliance**." <u>Norfleet v. Walker</u>, 684 F.3d 688, 691 (7th Cir. 2012) ("We are inclined therefore to forgive the plaintiff's violation of **the rule forbidding incorporation by reference-a violation that can't have caused any harm to anybody**, that was therefore **merely technical**, and that **did not prevent substantial compliance**.") (citing <u>Correa v. White</u>, 518 F.3d 516 (7th Cir. 2008) (per curiam); <u>Tracy v. Freshwater</u>, 623 F.3d 90, 101-02 (2d Cir. 2010)).

and federal **holidays** that result in modified lockdowns, and other various administrative reasons, **supports good cause.**

**[29.]** Plaintiff claims that due to his incarceration, his direct access to the prison law library is further limited when he restricted to **indirect access to the prison law library** for various administrative reasons, such as **lengthy lockdowns** or **placement into segregation housing** of which are **beyond his control, supports good cause.**

**(H.) <u>Allen's Health Issues Hindering His Ability to Litigate</u>**

**[30.]** Allen Plaintiff is a **48 year old male** who claims to suffer from **diagnosed medical conditions of high blood pressure** and **high cholesterol,** of which **causes his chronic TIA** (often called a mini or pre stroke) that **temporarily incapacitates** him from time to time in relation to his **ability to litigate**. Allen is **currently receiving medical treatment** for these conditions through proscribed medications. Allen continues to suffer "**TIA**" mini-strokes that vary in severity and frequency. Allen claims that said health issues **supports good cause.**

**(I.) <u>Conduct of One or More Defendant(s)-Appellee(s) Invited Allen's Need For the requested [EOT]</u>**

**[31.]** Allen claims that **one or more of the Defendant(s)-Appellee(s) have cause said need for the above stated reasons**, as, they are **the decision-makers** who have **created the circumstances** that limit Allen's direct access to the prison law library, thereby **inviting Allen's need** for said extension and making such an allowance by the Court the **fair**, **equitable** and **just** response and remedy to Allen's circumstances stated above and below **supports good cause.**

**(J.) <u>Request Brought in Good Faith</u>**

**[32.]** Allen brings this motion in good faith and not for purpose of unnecessary delay or other dilatory reason **supports good cause.**

**[33.]** Allen claims that the very fact that he filed a motion for an extension of time shows that he is acting in good faith and attempting to comply with the rules and Court Orders. [16]

**(K.) <u>Lack of Prejudice to the Defendant(s)-Appellee(s)</u>**

**[34.]** Allen claims that the Defendant(s)-Appellee(s) will not be prejudiced nor harmed should the Court grant this motion **supports good cause**.

**[35.]** Allen claims that the granting of a **45 day** extension of time to file his principal brief will not affect the Defendants ability to prepare and file response brief, or, raise and claims and defenses in the District Court.

**(1.) <u>Defendant(s)-Appellee(s) put on notice by the Court</u>**

**[36.]** "The Office of the IN Attorney General has been notified of the filing of the appeal." [App. Dkt. 3 (6/5/2024)]

**(2.) <u>Allen's Exhaustion of Administrative Remedies Put Defendant(s)-Appellee(s) on Notice</u>**

**[37.]** Allen has **exhausted** his relevant **administrative remedies** prior to filing his complaint and therefore, has **adequately put the Defendants on notice** of the factual allegations that support the claims he is prosecuting in these proceedings. [17]

---

16 See, <u>MARINE TRAVELIFT INC. v. CIMOLAI TECHNOLOGY SpA, IDEYA, LLC, and FABRIZIO ALFIER</u>, Case No. 16-C-338, 2016 U.S. Dist. LEXIS 73959 at 4 (E.D. Wisc. 2016) (Regarding Fed. R. Civ. P. 6 (b) (1) (A) ("The very fact that [the moving party] filed a motion for an extension of time shows [said party is] acting in good faith and attempting to comply with the rules.")

17 <u>Battle v. Ledford</u>, 912 F.3d 708, 716 (4th Cir. 2019) (**"Administrative exhaustion…notifies defendants of a potential claim** and **allows both parties to develop a record before coming to court**.")

### (3.) <u>Defendant(s)-Appellee(s) Not Served</u>

**[38.]** Equally important is the fact **the Defendant(s)-Appellee(s) have yet to be served and enter their appearance** [18], therefore, they have not invested any time, effort or taken any position regarding litigation in these proceedings. [19]

## II. Conclusion of Allen's request for extension of time to file his principal brief

**[39.]** Allen claims that he has demonstrated sufficient "good cause" pursuant to Fed. R. App. P. 2 (a), 26 (b), 7th Cir. Rule 2 and 26, for the Court to grant him a **45** day extension of time to file his principal brief as shown above and below, individually and collectively, as follows.

**[40.]** Allen has shown the existence of the **burdens of litigation in an unrelated proceeding** as circumstance that supports a finding of good cause. See ¶ 10

**[41.]** Allen has shown the **complexity of the appeal** as circumstance that supports a finding of good cause. See, ¶ 11-18

**[42.]** Allen has shown that an **extreme hardship** will result as Allen simply needs 45 more days to ensure that he has sufficient computer time to finish drafting his brief in electronic form and to then print it as shown by the above and below circumstances and matters as a circumstance that supports a finding of good cause. See ¶ 19-20

**[43.]** Allen is an inexperienced, untrained, unsophisticated litigant who is proceeding as a **pro se incarcerated appellant** is a circumstance that supports a finding of good cause. See ¶ 7, 11-15, 19-22, and, ¶ 25-29 (regarding Allen's limited access to the prison law library computers to draft

---

18 7th Cir. Rule 26 (**"Extensions of Time to File Briefs**...Notice of the fact that an extension will be sought must be given to the opposing counsel together with a copy of the motion prior to the filing thereof.). Allen argues that this provision does not apply due to the fact the Defendant(s)-Appellee(s) have yet to be served and enter their appearance.

19 See, Thomas v. Wardell, 951 F.3d 854, 863 (7th Cir. 2020) "Thomas's case was dismissed **before any defendants were served**, so they **could have not suffered any prejudice**") (citing Sroga v. Huberman, 722 F.3d 980, 983 (7th Cir. 2013) ("[T]the defendants had not been served before the case was dismissed, so they suffered no apparent prejudice from the delay.")

and print his brief),and ¶ 4,16 (regarding Allen's inexperience in any Court of Appeals as a pro se litigant)

**[44.]** Allen has shown his **diligence** in ¶ 5, 25, and the contents of this motion, and, in the filing of this motion as a circumstance that supports a finding of good cause.

**[45.]** Allen has shown the relevance of his **health** that hinders his ability to litigate from time to time as a circumstance that supports a finding of good cause. See ¶ 30

**[46.]** Allen has also pointed out that some of the above and below stated circumstances and matters are of the creation of one or more of the Defendant(s)-Appellee(s) as a circumstance that supports a finding of good cause. See ¶ 31

**[47.]** Allen brings this motion in **good faith** is a circumstance that supports a finding of good cause. See ¶ 32-33

**[48.]** Allen has shown that the Defendant(s)-Appellee(s) **will not suffer any harm or be prejudiced** by the granting of the requested 45 day extension of time to file his principal brief as a circumstance that supports a finding of good cause. See ¶ 34-38

## III. Declaration of inmate filing

**[49.]** Allen, the undersigned, certifies that on 6/14/2024, an envelope properly addressed to this Court containing the above captioned motion was submitted by Allen to prison staff, along with a properly completed remittance form requesting first-class postage to be applied to said envelope, for prompt processing and mailing by prison staff to this Court. Said motion is deemed filed as of the above date per the prison mailbox rule. See, Houston v. Lack, 487 U.S. 266 (1988); Fed. R. App. P. 25 (a)(2)(A)(iii).

## IV. Verification [20]

[50.] Pursuant to 28 U.S.C.S. § 1746, I the undersigned declare and verify under penalty of perjury that the above stated matters alleged therein are true and correct to the best of my memory, knowledge and belief.

Executed in Pendleton, Indiana on 6/14/2024.

## V. Requested Relief

[51.] WHEREFORE, Allen, respectfully requests that the Court GRANT him a 45 day extension of the May 28, 2024 deadline to **July 12th, 2024** to file his principal brief, and to provide him a full copy of the docket sheet with this filing and the Court's ruling notated on it, and for the Court to order all other appropriate relief that the Court determines to be fair and just.

Respectfully submitted,

x Kenneth Allen

(signature)

Plaintiff-*Pro Se*
Kenneth Allen, IDOC #173335
Pendleton Correctional Facility
4490 W. Reformatory Rd.
Pendleton, IN 46064-9001

---

20 7th Cir. Rule 26 (**"Extensions of Time to File Briefs**…A request for an extension of time shall be in the form of a motion supported by affidavit.")